

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JAMES S. LESANE,

      Plaintiff,

v.

                                          Civil Action No. **3:09CV012**

HON. JAMES SPENCER, *et al.*,

      Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal inmate, brought this *Bivens*[1] suit based on actions that occurred during the course of criminal proceedings resulting in the imposition of a 140-month term of imprisonment pursuant to Plaintiff's plea of guilty to conspiracy to distribute fifty grams or more of crack cocaine. *United States v. Lesane*, 3:08cr185 (E.D. Va. Sept. 29, 2008). On September 15, 2009, the Magistrate Judge filed a Report and Recommendation. Petitioner has filed objections to the Report and Recommendations, along with an amended complaint. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Plaintiff names as defendants the Hon. James Spencer, Chief United States District Judge for the Eastern District of Virginia, and Elizabeth Wu, Assistant United States Attorney. Plaintiff claims that Defendant Spencer violated Plaintiff's right to represent himself in his criminal case by denying Plaintiff's motion to

proceed *pro se.* Plaintiff also claims that Defendant Wu made false statements in the course of knowingly violating his rights to a speedy trial under 18 U.S.C. §§ 3161(B), (H). Plaintiff seeks $90,000,000 in damages from each of the Defendants, and also requests that Defendant Wu "undue the wrong as injunctive relief." (Am. Compl. 2.)

### Absolute Immunity from Suit under *Bivens* and 42 U.S.C. § 1983

Although 42 U.S.C. § 1983 (and later *Bivens*) gave private citizens the power to sue individuals who commit a constitutional violation under color of law, Congress did not thereby "abolish wholesale all common-law immunities" for acts by government officials.[2] *Pierson v. Ray,* 386 U.S. 547, 554 (1967); *see also King v. Myers,* 973 F.2d 354, 356 (4th Cir. 1992). Although abuses of official power occur, "for some 'special functions,' *Butz,* 438 U.S. at 508, it is 'better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.'" *Burns v. Reed,* 500 U.S. 478, 484 (1991) (*quoting Imbler v. Pachtman,* 424 U.S. 409, 428 (1976)). Relevant here are the "cluster of immunities protecting the various participants in judge-supervised trials" that "assure that judges [and] advocates . . . can perform their respective functions without harassment or intimidation." *Butz,* 438 U.S. at 512.

### A.    Judicial Immunity

Judges are typically immune to suit under *Bivens* for actions in connection with their judicial authority and responsibility. Absolute judicial immunity exists "because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation." *McCray v. Maryland,* 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds, Pink v. Lester,* 52 F.3d 73, 77 (4th Cir. 1995). The Supreme Court has explained that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Pierson,* 386 U.S. at 554; *see also Mireles v. Waco,* 502 U.S. 9, 11 (1991).

---

[2] The doctrine of absolute immunity extends equally to suits brought pursuant to either *Bivens* or 42 U.S.C. § 1983. *See Butz v. Economou,* 438 U.S. 478, 504 (1978); *Ehrlich v. Giuliani,* 910 F.2d 1220, 1222 n. 2 (4th Cir.1990).

Only two exceptions apply to judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). Whether an action is judicial in nature depends upon "the 'nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Clay v. Yates*, 809 F. Supp. 417, 423 (E.D. Va. 1992) (*quoting Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Clearly, only a judge would normally rule on a criminal defendant's motion to proceed *pro se*. Because Defendant Spencer clearly acted in his capacity as a judge of the United States District Court for the Eastern District of Virginia, the first exception to judicial immunity does not apply.

A judge's immunity to suit is also abridged when he or she "undertakes to act in an area where he has no subject matter jurisdiction." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (finding state court judge was immune to suit where his court had general subject matter jurisdiction over divorce and child custody case). When the Court in which a judge sits has jurisdiction to act in the area, however, a judge will retain immunity even though he or she acts in excess of his or her authority. *King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992) (distinguishing between acts "in 'excess of jurisdiction'" and acts "performed in the 'clear absence of all jurisdiction over the subject-matter'" (*quoting Stump*, 435 U.S. at 356 n.6)). Thus:

> [I]f a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offenses, jurisdiction over the subject of offences being entirely wanting in the court . . . his commission would afford no protection to him in the exercise of usurped authority. But if on the other hand a judge of a criminal court . . . should hold a particular act to be a public offence, which is not by the law made an offence, and proceed to the arrest and trial of a party charged of such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability . . . would attach to the judge, although those acts would be in excess of . . . the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked.

*Tucker v. Outwater* 118 F.3d 930, 934 (2d Cir. 1997) (*citing Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

The grand jury indicted Plaintiff for federal crimes committed in the Eastern District of Virginia. Indictment, *Lesane*, 3:08cr185 (E.D. Va. Apr. 21, 2008).

4

Defendant Spencer exercises jurisdiction over federal crimes committed in the Eastern District of Virginia. 18 U.S.C. § 3231; Fed. R. Crim. P. 18. Because Defendant Spencer did not act in the clear absence of jurisdiction, he is absolutely immune from suit by Plaintiff.[3] It is therefore RECOMMENDED that Plaintiff's claim against Defendant Spencer be DISMISSED.

## B.    Prosecutorial Immunity

Like judicial immunity, absolute prosecutorial immunity exists to guarantee the efficient functioning of our system of justice. Exposing prosecutors to civil liability for actions taken in the course of enforcing criminal laws would both "cause a deflection of the prosecutor's energies from his public duties" and compromise "the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 423. Although abuses of power occur, the Supreme Court has explained that the interests of justice are better served by "'leav[ing] unredressed the wrongs done by dishonest officers than [by] subject[ing] those who try to do their duty to the constant dread of retaliation." *Van De Kamp v. Goldstein*, 129 S. Ct. 855, 859 (2009) (*quoting Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949)). Thus, prosecutors are absolutely immune from suit for actions taken in the course of performing their official functions.

Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. It does not extend, however, to non-prosecutorial functions that happen to be performed by a prosecutor. *See, e.g., Van De Kamp*, 129 S. Ct. at 861-62 (holding that immunity does not apply to "administrative tasks" that are not "directly connected with the conduct of a trial," such as hiring, maintenance, and payroll); *Kalina*, 522 U.S. at 129-30 (ruling prosecutor not entitled to immunity for allegedly false statements made to obtain arrest warrant because she "performed an act that any competent witness might have performed" under state law).

Plaintiff claims that Defendant Wu violated his rights in connection with Plaintiff's motion to dismiss for violation of his statutory right to a speedy trial. Specifically, Plaintiff alleges that Defendant Wu falsely represented that Plaintiff was engaged in plea negotiations, causing the Court to wrongfully determine that the speedy trial period was tolled, and therefore deny Plaintiff's motion to dismiss. The United States Court of Appeals for the Fourth Circuit has explicitly held that "one of the classic functions of an advocate is the presentation of a motion to the court, which

---

[3] Plaintiff argues that Defendant Spencer is not entitled to judicial immunity because his acts violated Plaintiff's constitutional rights. (Pl.'s Aff. Supp. Mot. Summ. J. 2.) Plaintiff is incorrect. *See Bradley*, 80 U.S. at 357 (explaining that errors that "may have affected the validity of the act" nevertheless "did not make the act any less a judicial act" or establish that defendant "had proceeded without having any jurisdiction whatever").

necessarily requires the prosecutor to summarize the supporting evidence, *i.e*, to make representations to the court regarding the facts." *Shirley v. Drake*, No. 98-1750, 1999 WL 202671, at *2 (4th Cir. Apr. 12, 1999) (*citing Kalina*, 522 U.S. at 129-31). Although Plaintiff accuses Defendant Wu, like the defendant in *Kalina*, of making a false representation to the Court, such an accusation does not automatically abridge her immunity. *See Imbler*, 424 U.S. at 431 (finding prosecutor absolutely immune to suit despite fact that federal court issued writ of habeas corpus on the grounds that prosecutor had knowingly used perjured testimony at trial). Moreover, Defendant Wu did not represent to the Court that Plaintiff's speedy trial deadline was tolled because of plea negotiations until after Plaintiff's April 21, 2008 indictment established probable cause. *Cf. Buckley v. Fitzsimmons*, 509 U.S. 259, 274 & n.5 (1993) (explaining that absent a common-law tradition of immunity for a function, a prosecutor does not function as an advocate before a probable cause determination). Because Defendant Wu performed a prosecutorial function when opposing Plaintiff's motion to dismiss, she is absolutely immune from suit. Accordingly, it is RECOMMENDED that Plaintiff's claims against Defendant Wu be DISMISSED.

(Sept. 15, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff has filed objections to the report and recommendation, along with an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any

6

portion of the magistrate judge's recommendation to which Petitioner does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005).

## III. PLAINTIFF'S OBJECTIONS AND AMENDED COMPLAINT

Plaintiff objects to the recommendation of the Magistrate Judge, arguing that Defendant Spencer was not performing a judicial function because his denial of Plaintiff's motion to proceed *pro se* constituted a knowing and intentional violation of Plaintiff's rights. Plaintiff, however, fails to identify any authority for the proposition that his allegations, if true, would show that Defendant Spencer thereby ceased to perform a judicial function. *See Stump v. Sparkman,* 435 U.S. 349, 356 (1978) ("'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .'" (*quoting Bradley v. Fisher,* 80 U.S. 335, 352 (1872))). The fact that a judge performs a judicial function erroneously or in bad faith, even if proven, does not affect the judicial nature of the act. *See Mireles v. Waco,* 502 U.S. 9, 12-13 (1991). The Magistrate Judge correctly determined that Defendant Spencer acted in a judicial capacity, and therefore is entitled to absolute immunity regarding his denial of Plaintiff's motion to proceed *pro se*. Plaintiff's Amended Complaint (and supplement thereto) repeats the argument made in his objections, and does not warrant separate treatment. Plaintiff's claim against Defendant Spencer will be DISMISSED.

Plaintiff does not object to the Magistrate Judge's recommendation that his claim against Defendant Wu be dismissed, and Plaintiff's Amended Complaint does not contain a claim against her. Plaintiff's claim against Defendant Wu will be DISMISSED.

Plaintiff's Objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED WITH PREJUDICE for

failure to state a claim.  The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Richard L. Williams
United States District Judge

Date DEC   2009
Richmond, Virginia

8